# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KIMBERLY WEST, individually, and as Personal Representative for and of the Estate of GREGORY ANTONIO WEST, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | CIVIL ACTION NO._____<br><br>**Jury Demand** |

## COMPLAINT

COMES NOW Plaintiff, Kimberly West, individually and as Personal Representative for and of the Estate of Gregory Antonio West (hereinafter "Plaintiff") and files this Complaint against Defendant, CSX Transportation, Inc. ("CSXT" or "Defendant"), stating as follows:

## NATURE OF THE CASE – JURISDICTION – PARTIES-VENUE

1.

Plaintiff's cause of action against Defendant CSXT is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (the "FELA") and pursuant to applicable federal, regulatory, and common law.

2.

Gregory Antonio West ("Plaintiff's Decedent") died on July 16, 2018. Prior to his death, Gregory Antonio West resided in Madisonville, Tennessee and was employed by Defendant CSXT.

3.

Plaintiff Kimberly West is an adult individual residing in Tennessee and is the surviving sister of Gregory Antonio West ("Plaintiff's Decedent"), as well as the personal representative of Plaintiff's Decedent pursuant to the FELA and the Letters of Administration issued by Probate Court of Monroe County Tennessee and the proper Plaintiff in this action pursuant to the FELA.

4.

Defendant CSXT is an interstate railroad, a common carrier, and was Plaintiff's Decedent's employer.

5.

Defendant CSXT is a common carrier by rail and a Virginia corporation with its principal place of business in Florida doing business in the State of Tennessee with railroad lines, tracks, and rolling stock operating within this District and within the jurisdiction of this Court and may be served by service of process upon its designated registered agent for service of process CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

6.

At all times material to the Complaint, Plaintiff's Decedent and Defendant were mutually engaged in acts and services substantially affecting and in the furtherance of interstate commerce.

7.

Jurisdiction and Venue are proper with this Court and within this District pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the acts and events and omissions giving rise to the claim occurred in Campbell County, Tennessee within the jurisdiction and venue of this Court. The amount in controversy exceeds $75,000.

8.

At all times material to the subject matter of this Complaint, Plaintiff's Decedent, Gregory Antonio West was acting within the course and scope of his employment with Defendant.

**FACTUAL BACKGROUND AND ALLEGATIONS**

9.

Until his death, Plaintiff's Decedent was employed by Defendant CSXT and worked for Defendant on its rail system as a locomotive engineer.

10.

During the course and scope of his employment with the Defendant CSXT on July 16, 2018. Plaintiff's Decedent was working and on duty as a locomotive engineer when he was instructed, by CSXT Crew Management employees along with CSXT Conductor Hardestie (West and Hardestie collectively, "West train crew") to take a CSXT train from Corbin, KY to Etowah, TN.

11.

The movement of the train on and along CSXT track from Corbin to Etowah is mechanically controlled by the crew but that movement is dictated and controlled ultimately by other CSXT employees and supervision.

12.

CSXT transportation train crews are limited by Federal Law as to how many hours ("hours of service") they may work in a specific period and that time may not be extended. If a train crew

reaches the limits of their hours of service then that crew must stop the train and usually then be relieved by another crew to continue the movement.

13.

CSXT manages the movement of trains on and along its tracks with full knowledge and awareness of the hours of service laws and requirements of its train crews relative to hours worked and specifically was aware of the hours worked by the West train crew on July 16, 2018

14.

On July 16, 2018 CSXT dictated and controlled the movement of the train operated by the West train crew from Corbin and was fully aware of other CSXT train traffic and activity which affected and delayed the movement of the West train crew significantly along its trip from Corbin that day.

15.

Despite full awareness and control of the movement of all trains along that corridor that day and the hours of service laws and rules, CSXT managed and dictated the movement of the train operated by the West train crew that day in such a way so as to cause the West train crew to run out of train service time hours in a an area far from any normal or acceptable crew drop off or exchange point.

16.

CSXT employees directed and mismanaged the West train crew trip that day so as to cause the crew to run out of hours of service (go "on the law") in an isolated, desolate, mountainous area where there was no safe or reasonable means for the West train crew to walk to an acceptable or safe exchange point to be provided transportation to their home terminal.

17.

CSXT provided no readily available alternative means for the crew to get to an acceptable or safe exchange point to be provided transportation to their home terminal and the West train crew was forced to walk out from the unsafe location in Campbell County where CSXT had mismanaged their stop to occur.

18.

In order for the West train crew to get to a place where they could be meet and be picked up, they were required to walk over treacherous terrain, up steep and large inclines (a mountain), in unsafe walking conditions for over one hour after having completed their hours of service.

19.

The length, time and nature of the walk the West train crew was required to take due to CSXT's mismanagement of the train movement relative to the hours of service law was in violation of applicable CSXT rules and regulations and well beyond the CSXT physical requirements of the West train crew members.

20.

As a direct result of the length, time and nature of the walk that Plaintiff's Decedent was required to perform due to the acts of negligence of CSXT employees imputed to CSXT, Plaintiff's Decedent suffered injuries, collapsed and later died.

**COUNT I – NEGLIGENCE**

21.

Plaintiff re-alleges paragraphs 1–20 above as if each was set forth in its entirety.

22.

At all times pertinent hereto, Defendant CSXT had a nondelegable duty under the FELA

to provide Plaintiff's Decedent with a reasonably safe place to work.

23.

Defendant breached its duty under the FELA owed to Plaintiff's Decedent and was negligent and negligent per se in failing to provide Plaintiff's Decedent with a reasonable safe place to work.

24.

Defendant's negligence and negligence per se consisted of:

(a) Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

(b) Failing to properly manage the movement of its trains relative to the hours of service law;

(c) Failure to stop and manage the train movement of the West train crew in an area where they could safely switch out crews;

(d) Failing to provide alternitive means for the West traincrew to reach a safe crew exchange location;

(e) Failing to warn the Plaintiff's Decedent of the risks and/or of the nature of the walk out from the CSXT controlled stop point of the train;

(f) Failing to adhere to applicable statutory, regulatory and CSXT rules and requirements regarding the workplace relative to the position and walk and work required of the West train crew CSXT on July 16, 2018;

(g) Exceeding the walking and working limitations and requirements of the jobs of the West train crew on July 16, 2018; and

(h) Such other acts of negligence to be shown at the trial of this matter.

25.

The injuries prior to his death and ultimately the death of Plaintiff's Decedent were caused in whole or in part by the negligence and negligence per se of the Defendant and/or the negligence and negligence per se of the Defendant's agents, servants and/or employees which is as a matter of law imputed to CSXT.

26.

Defendant CSXT is liable to Plaintiff for damages as allowed by law for its negligence and negligence per se pursuant to the FELA because it breached its duty owed to Plaintiff's Decedent and Plaintiff 's Decedent was injured, suffered injuries and ultimately died as a result of said breaches.

## DAMAGES:
## PRE- DEATH SURVIVORS DAMAGES AND WRONGFUL DEATH

27.

As a direct result of the negligence and negligence per se of the Defendant CSXT, Plaintiff's Decedent experienced and endured pain and suffering, prior to his death.

28.

As a direct result of the negligence and negligence per se of the Defendant, Plaintiff's Decedent sustained a loss of wages.

29.

As a direct result of the negligence and negligence per se of Defendant for which Defendant is liable to Plaintiff, Plaintiff's Decedent died.

30.

As a result of the death of Plaintiff's Decedent due to Defendant's violation of the FELA,

Plaintiff individually in her capacity as Personal Representative is entitled to compensation for all economic and noneconomic damages and losses incurred and suffered for all entitled to recover as a result of his injuries and death.

31.

As a direct result of the negligence and negligence per se of Defendant, CSXT is liable to Plaintiff and to those she represents in this matter in her representative capacity for all damages and compensation allowed pursuant to the full extent as allowed under the FELA for Plaintiff's Decedent's pre-death injuries and as a result of his death including all economic and noneconomic damages allowed by law.

**WHEREFORE**, Plaintiff prays that a copy of this Complaint for Damages be served upon defendant and that a judgment be entered herein in favor of plaintiff and against defendant, for all reasonable damages and all costs of these proceedings, as well as all other general and equitable relief to which Plaintiff may be entitled.

A trial by jury is demanded.

Respectfully submitted,

**STEEL & MOSS, LLP**

By: */s/ John D. Steel*
John D. Steel *(pro hac motion to be filed)*
Georgia Bar No. 677646

The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11, Suite 905
Atlanta, Georgia 30305
Tel: (404) 264-1292
Fax: (404) 264-0161
Email: jsteel@steel-moss.com

-And-

**THE RICHARDSON LAW FIRM**

By: */s/ Michael E. Richardson (w/exp. permission)*
Michael E. Richardson, BPR# 7191
633 Chestnut Street, Suite 1580
Chattanooga, TN 37450
Tele:   (423) 602-9623
Fax:    (423) 498-2824
Email: mer@mrichardsonlaw.com


*Counsel for Plaintiff*