# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

KIMBERLY WEST, Individually and as § 
Personal Representative for and of the Estate § No.: 3:21-CV-00255
of GREGORY ANTONIO WEST, deceased, § ***Jury Trial Demanded***
 § USDC Judge Travis R. McDonough
Plaintiff, § Magistrate Judge H. Bruce Guyton
 §
vs. §
 §
CSX TRANSPORTATION, INC. §
 §
Defendant. §

# ANSWER

For answer to the Complaint, the Defendant, CSX Transportation, Inc., says as follows:

(1) It is admitted that Plaintiff brings this action against the Defendant pursuant to the Federal Employers Liability Act, but it is denied that Plaintiff would be entitled to any recovery whatsoever pursuant to the Act or under any theory. Except as thus explained, the allegations of Paragraph 1 of the Complaint are denied.

(2) The allegations of Paragraph 2 of the Complaint are admitted.

(3) At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

(4) The allegations of Paragraph 4 of the Complaint are admitted.

(5) The allegations of Paragraph 5 of the Complaint are admitted.

(6) The allegations of Paragraph 6 of the Complaint are admitted.

(7) The suggestion of an omission on the part of the Defendant is denied. Except as thus explained, the remaining allegations of Paragraph 7 of the Complaint are admitted. Jurisdiction is admitted. Venue is admitted.

(8) The allegations of Paragraph 8 of the Complaint are admitted.

(9) The allegations of Paragraph 9 of the Complaint are admitted.

(10) On July 16, 2018, Plaintiff's decedent and Conductor Hardestie, were the West train crew occupying train K42713, and the train was permitted to depart Corbin Yard in Kentucky at 04:19 a.m. The train's destination on the KD Subdivision was Etowah, Tennessee. Except as explained, the allegations of Paragraph 10 of the Complaint are admitted.

(11) Conductor Hardestie was in charge of the train, and the locomotive engineer West controlled the movement of the train, following the signal system governing the track as the train proceeded towards Etowah, Tennessee. Except as explained, the allegations of Paragraph 11 of the Complaint are denied.

(12) On July 16, 2018, Train K42713 stalled at Mile Post 00C211.5. At 11:15 a.m., the crew, including Plaintiff's decedent, reached 12 hours of service. It is believed that the crew had tied the train down and had reached Mile Post 00C212 when their hours of service was completed. Except as explained, the allegations of Paragraph 12 of the Complaint state legal conclusions for which no answer is required but if such answer is required, the allegations as stated are denied.

(13) At the time, it is believed that CSX was aware of the crew's hours of service beginning on July 15th at 11:15 p.m. and ending on July 16, 2018 at 11:15 a.m. Except as clarified, the allegations of Paragraph 13 of the Complaint are admitted.

(14) On July 16, 2018, Train K42713 stalled at Mile Post 00C211.5. The West train crew was told to tie the train down and, under the circumstances, to meet a van at Mile Post

2

00C212. It is believed the train had stopped earlier in the ordinary course of train operations. Except as thus explained, the remaining allegations of Paragraph 14 are admitted.

(15) The allegations of Paragraph 15 of the Complaint are denied.

(16) The allegations of Paragraph 16 of the Complaint are denied.

(17) Given the fact that the train had stalled, under the circumstances, it was necessary and appropriate for the West train crew to tie the train down and to walk to Mile Post 00C212. Except as thus explained, the remaining allegations of Paragraph 17 of the Complaint are denied.

(18) It is admitted that the train crew walked from Mile Post 00C211.5 to Mile Post 00C212. The remaining allegations of Paragraph 18 of the Complaint are denied.

(19) The allegations of Paragraph 19 of the Complaint are denied.

(20) It is admitted that Plaintiff's decedent collapsed and later died. The remaining allegations of Paragraph 20 of the Complaint are denied.

(21) The Defendant adopts its responses to the above Paragraphs.

(22) The statement of Paragraph 22 is a legal conclusion for which no answer is required. At all times material, the Defendant provided to Plaintiff's decedent a reasonably safe place in which to work.

(23) The Defendant provided to Plaintiff's decedent a reasonably safe place to work. The remaining allegations of Paragraph 23 of the Complaint are denied.

(24) The allegations of Paragraph 24 and each of its subparagraphs are denied. Additionally, subparagraph (h) should be stricken as vague and non-specific "catch-all" to which this Defendant cannot meaningfully respond, thus failing to state a claim upon which relief can

be granted as a matter of law and failing to comply with the *Twombly/Iqbal* federal pleading legal standards.

(25) The last clause of Paragraph 25 of the Complaint states a legal conclusion for which no answer is required, but to the extent an answer is deemed necessary, the clause is denied. All remaining allegations of Paragraph 25 of the Complaint are denied.

(26) The allegations of Paragraph 26 of the Complaint are denied.

(27) The allegations of Paragraph 27 of the Complaint are denied.

(28) The allegations of Paragraph 28 of the Complaint are denied.

(29) The allegations of Paragraph 29 of the Complaint are denied.

(30) The allegations of Paragraph 30 of the Complaint are denied.

(31) The allegations of Paragraph 31 of the Complaint are denied.

(32) It is denied that Plaintiff would be entitled to any recovery whatsoever from the Defendant, CSX Transportation, Inc.

## SECOND DEFENSE

(33) The Defendant denies each and every allegation and complaint attempting to allege or charge or suggest that it or its employees were guilty of negligence that caused or contributed to Plaintiff's decedent's death.

## THIRD DEFENSE

(34) Plaintiff's decedent's medical condition and death was as a result of a condition peculiar to him for which the Defendant would not be responsible.

## FOURTH DEFENSE

(35) Plaintiff's decedent's medical condition was such that Defendant did not know nor should it have known that Plaintiff's decedent suffered from multiple maladies and physical conditions, and, as a result, it was not foreseeable that Plaintiff's decedent's approximately one-half mile walk would cause or contribute to his death.

## FIFTH DEFENSE

(36) Plaintiff's multiple physical maladies and conditions were not known nor should the Defendant have known of such conditions as Plaintiff's decedent never notified the Defendant of such conditions; therefore, Plaintiff's decedent's reaction to walking and his death was unforeseeable to the Defendant.

## SIXTH DEFENSE

(37) Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Federal Employers Liability Act.

## SEVENTH DEFENSE

(38) The Complaint fails to state a claim for relief as to Plaintiff's claims of negligence *per se* and fails to conform to the *Twombly/Iqbal* pleading standards; accordingly, the Complaint should be dismissed as a matter of law. Alternatively, in addition to denying that it has acted with any negligence whatsoever, Defendant denies that it violated any law or regulation and cannot, as a matter of law, be held liable *per se* in negligence.

## EIGHTH DEFENSE

(39) The injuries alleged by Plaintiff relating to Plaintiff's decedent, were not the foreseeable consequences of any alleged act, omission or conduct on behalf of the Defendant.

## NINTH DEFENSE

(40) The Defendant was at all times material, in compliance with all Federal laws and regulations governing its conduct in the movement of the train and the work conditions of the West train crew.

## TENTH DEFENSE

(41) To the extent CSX Transportation, Inc., has paid or funded the medical and other expenses of Plaintiff's decedent pursuant to an agreement between the Defendant and Plaintiff's decedent's Union, Plaintiff cannot recover the same from CSX Transportation, Inc., again or CSX Transportation, Inc. would be entitled to a set-off.

## ELEVENTH DEFENSE

(42) CSX Transportation, Inc., implemented all measures and precautions to ensure that it provided to Plaintiff's decedent a reasonably safe place to work and did in fact provide Plaintiff's decedent with a reasonably safe place to work.

## TWELFTH DEFENSE

(43) Plaintiff's action against the Defendant cannot be maintained and should be dismissed for the reason that there are no survivors of Plaintiff's decedent who were, or are dependents or have received or would expect to receive pecuniary benefit from the decedent during his life. Therefore, no FELA cause of action survives the death of Plaintiff's decedent.

## THIRTEENTH DEFENSE

(44) To the extent Plaintiff's Complaint could be interpreted to include a claim related to the track structure, design, or walking conditions, those claims would be precluded by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10501(b)

and/or the Federal Rail Safety Act, 49 U.S.C. § 20101-21311 and the Track Safety Standards regulations promulgated by the Federal Railroad Administration at 49 C.F.R. Part 213 and should be dismissed as a matter of law.

## FOURTEENTH DEFENSE

(45) Defendant pleads the doctrine of contributory negligence of Plaintiff's decedent in contributing to or causing his death, reducing pursuant to 45 U.S.C. § 53, or barring Plaintiff's recovery.

## FIFTEENTH DEFENSE

(46) The Defendant reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendant, CSX Transportation, Inc., prays that it be dismissed and demands trial by jury.

BAKER, O'KANE & THOMPSON, PLLP

S/ John W. Baker, Jr., BPR #001261
Emily L. Herman-Thompson, BPR #0021518
*Attorneys for Defendant*
2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600-Office
(865) 637-5608-Fax
E-Mail: **jbaker@boatlf.com**
E-Mail: **ethompson@boatlf.com**

## CERTIFICATE OF SERVICE

    I hereby certify that on *August 24, 2021*, a copy of the foregoing *Answer*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    S/ John W. Baker, Jr.